Form 240A - Reaffirmation Agreement (1/07)

☐ Presumption of Undue Hardship
☒ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

## UNITED STATES BANKRUPTCY COURT
### District of NEBRASKA

In re: **Donald Gene Schomaker**      Case No.    **09-41809**
Debtor(s).     Chapter 7

### REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)
☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☒ Part B: Reaffirmation Agreement
☐ Part E: Motion for Court Approval
☒ Part C: Certification by Debtor's Attorney

*[**Note:** Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. **Note also:** If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

**Name of Creditor:**     **Nebraska Furniture Mart**

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm: **$2,149.65.**

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

Form 240A - Reaffirmation Agreement (1/07)                                                    2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

~~a.   If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.~~

~~(i)   The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.~~

~~— And/Or —~~

~~(ii)   The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~

~~$_____ @ _____%;~~
~~$_____ @ _____%;~~
~~$_____ @ _____%.~~

b.   If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i)   The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: **<u>18%</u>**

~~— And/Or —~~

~~(ii)   The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed,~~

Form 240A - Reaffirmation Agreement (1/07)    3

~~the amount of each balance and the rate applicable to it are:~~

~~$_____ @ _____%;~~
~~$_____ @ _____%;~~
~~$_____ @ _____%.~~

~~c.    If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:~~

~~The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.~~

d.    If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| See Attached. | Household items, goods, and furnishings (i.e. furniture, electronics, appliances and flooring) with various purchase prices. |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

**Four percent (4%) of the balance** (or $15.00, whichever is greater).

**Mailed and made payable to:**

**Nebraska Furniture Mart**
**PO Box 3000**
**Omaha, NE  68103**

**Payment shall be in accordance with monthly statements sent by creditor.  Debtor(s) hereby authorizes creditor to issue monthly statements, continuing each month until the balance is paid in full.**

Form 240A - Reaffirmation Agreement (1/07) 4

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**Form 240A - Reaffirmation Agreement (1/07)**                                                                5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Form 240A - Reaffirmation Agreement (1/07) 6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

    **Four percent (4%) of the balance** (or $15.00, whichever is greater).

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:

_Donald Gale Schomaker_
(Printed Name)

_Donald Gale Schomaker_
(Signature)

Date: 7.28.09

Accepted by creditor:

**Nebraska Furniture Mart**
**PO Box 3000**
**Omaha, NE  68103**

_Ann Schlemmer_
Ann Schlemmer, Legal Coordinator

Date of creditor acceptance: July 16, 2009.

Co-borrower, if also reaffirming these debts:

_Lynell Dorine Schomaker_
(Printed Name)

_Lynell Dorine Schomaker_
(Signature)

Date: 7-28-09

Form 240A - Reaffirmation Agreement (1/07)                                               7

**PART C:    CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: *Bruce Barnhart*

Signature of Debtor's Attorney: *[signature]*

Date: 8/7/09

Form 240A - Reaffirmation Agreement (1/07)                                                         8
**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 3580 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 2064 , leaving $ 1516 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____
_____.

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _[signature]_____
         (Debtor)

_Lynell Daine Schomaker_____
(Joint Debtor, if any)

Date: 7-28-09

— *Or* —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*
3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed:_____
       (Debtor)

_____
(Joint Debtor, if any)
Date: _____

```
SSE495                       Nebraska Furniture Mart              L5030 07/13/09 16:10:46
                          A/R Customer Revolving Plan Inquiry
Acct # (or ?X)    ▓▓▓0815       Name(s)  DONALD G SCHOMAKER
   Global Remarks   SEE DP 7358864/KC
Plan Code (or :)   REV     Regular Revolving Charge          Pmt Prot Declined
   Plan Remarks
 ┌──────────────── P l a n    A g i n g ──────────────┬─ M i s c    I n f o ─┐
 │ Balance Due      2,149.65 Overdue  1-30      0.00  │ Date Opened  12/06/98│
 │ In Dispute           0.00 Overdue 31-60      0.00  │ Date Closed  07/10/09│
 │ On Deposit           0.00 Overdue 61-90      0.00  ├─ L a s t     P m t ──┤
 │                           Overdue 91-120     0.00  │ Pmt Date     07/09/09│
 │ Next Statement  07/26/09 Overdue 120+        0.00  │ Pmt Amt        100.00│
 ├──────── L a s t    S t a t e m e n t    I n f o ───┼─ S t i l l   D u e ──┤
 │ Last Statement  06/26/09 Min Mthly Pmt      90.00  │ Late (--)        0.00│
 │ New Balance      2,249.65 Past Due Amt       0.00  │ Expected     2,149.65│
 │ Int-Brg Bal          0.00 Payment Due       90.00  │ Int-Brg          0.00│
 │                           Payment Due On 07/21/09  │
 ├── P l a n   S t a t u s ─────── O v e r d u e    P l a n    T a l l i e s ─┤
 │ Code 91H   Bk7 House        │        1 Mo    2 Mo    3 Mo    4 Mo    5 Mo  │
 │  * * Suspended * *          │ #        2                                   │
 │ Suspended on 07/10/09       │ Last 05/27/06                                │
 └─────────────────────────────┴─────────────────────────────────────────────┘
  (D)etail, (S)tmts, (C)onv, (T)allies, (P)mnt Sched, (M)isc Chrgs or (Q)uit  _
```

```
HEADER.INQ 2                    NFM User System          Ex1 L5030 07/13/09 16:10:56
                              Transaction Inquiry                               OMNE

Invoice Number 72664301    Account ████0815    Donald G Schomaker

 = Sku Number     Vend    Model       Description          Qty       Price       Total
   ──────────
 1 28139798      + Sonyd  Dcrdvd710-Dvd Camcorder          1.00      385.99      385.99
 2 25655101      + Ahsae  Vp+Ad4y499-4yr Vid Prod +A       1.00      149.99      149.99
 3 28317899      + Sonyd  Msmt1g-1gb Memory Stick Pr       1.00       19.88       19.88
 4 25588880      + Maxel  567640-8pk Dvd-R/Rw Camcor       2.00       17.88       35.76
 5 23666860      + Cslac  Tbc-5-Mid-Size Camcorder C       1.00       16.99       16.99


                                                                           =============
                                                              Subtotal          $608.61
Enter Ln #, (S)croll, (M)ore Info, (C)onversation, (P)age, (V)oid, (E)xit:  P_
```

```
HEADER.INQ 2                    NFM User System          Ex1 L5030 07/13/09 16:10:59
                               Transaction Inquiry                             OMNE

 Invoice Number 10642399CC Account ████9815   Donald G Schomaker

 = Sku Number    Vend    Model       Description      Qty       Price        Total

 1  28725232   * Garmi  010-00718-20-Garmin Nuvi 2    1.00      299.99       299.99
 2  19052372   * Cemad  C2pc41816 Campbell, Glen-A    1.00       14.88        14.88




                                                                     =============
                                                         Subtotal         $314.87
 Enter Ln #, (S)croll, (M)ore Info, (C)onversation, (P)age, (V)oid, (E)xit:  P_
```

# NEBRASKA FURNITURE MART REVOLVING CHARGE AGREEMENT

ACCOUNT NUMBER: _____

1. I (Cardholder) agree to pay for all purchases charged to my account by me or any person authorized to use the account in accordance with the terms of this agreement. My liability is joint and several with any cardholder signed below. All charges on the account are subject to the prior approval of Nebraska Furniture Mart (NFM). NFM has the right to change any terms of this agreement by sending me a written notice. Use of the account after such notice will constitute agreement to the revised terms.

## Collateral

2. I grant to Nebraska Furniture Mart, Inc. a security interest under the Uniform Commercial Code in all merchandise charged to the account. NOTICE: If I fail to make payments as agreed, or am otherwise in default, NFM can repossess any merchandise which has not been paid for in full. NFM waives any lien on my principal dwelling, except liens created by a court judgement or acquired by a filing against real estate as provided by statute. Goods purchased under this agreement will not become fixtures nor shall the goods become accessions to other goods. No merchandise purchased under this agreement is intended to serve as collateral or security for any other purchase. NFM has elected not to cross-collateralize the items sold under this contract.

3. If I charge a service contract or extended warranty to my account, I agree that NFM may, upon my default, contact the issuer, cancel the contract or warranty, and collect the unearned premium, if any, for application against my account balance.

## Statements and Payments

4. If I have a balance on my account or if transactions have occurred within a statement period, NFM will send me a statement. It will show a date identified as the Statement Date, and will show the total balance owed as of the Statement Date identified as the New Balance. I can pay the total balance on my account at any time. I agree to make at least a minimum payment within 25 days of the statement date shown on my monthly statement. The Minimum Monthly Payment will be 4% of the New Balance rounded to the next higher dollar amount, or $15.00, whichever is greater. Under the terms of special promotions, certain purchases may be "delayed payment" for periods of time. Such purchases will be excluded from these calculations for the applicable length of time. I can always pay more than the Minimum Monthly Payment.

5. NOTICE: If I pay the New Balance within 25 days of my Statement Date, no finance charge will be added to the account for that month. Otherwise, finance charges accrue from the date each transaction is posted.

6. Unless the law otherwise requires or unless special promotional terms apply, payments will be applied first to outstanding finance charges and insurance charges, then to the oldest outstanding purchase invoice. If more than one item is purchased on the same invoice, the payment will be applied first to the lowest cost item. If I make one or more "delayed interest" promotional purchases, regular interest-bearing purchases will be paid first, then promotional purchases in the order of their expiration.

## FINANCE CHARGES

7. NOTICE: If I do not pay the total New Balance within 25 days of the monthly statement date, a FINANCE CHARGE will be added to the account for the current billing period. THE FINANCE CHARGE WILL BE A PERIODIC RATE OF 1.5% PER MONTH (ANNUAL PERCENTAGE RATE OF 18%) COMPUTED ON THE AVERAGE DAILY BALANCE (INCLUDING CURRENT TRANSACTIONS).

8. To get the Average Daily Balance, NFM will take the beginning balance of my account each day, add any new purchases, and subtract any payments or credits. This gives NFM the daily balance. Then, NFM will add all the daily balances from the billing cycle and divide the total by the number of days in the billing cycle. This gives NFM the Average Daily Balance. Under the terms of special promotions, certain purchases may be interest free for periods of time. Such purchases will be excluded from these calculations for the applicable length of time.

## Default and Acceleration

9. If I fail to make payments as agreed, or am otherwise in default, my entire balance may, at your opinion, become due and payable. Your waiver of any default shall not operate as a waiver of any other default. I agree to pay reasonable expenses incurred by NFM, including, if allowed (not allowed in Iowa), attorney fees, if it elects to repossess its collateral or otherwise exercise its rights with regard to its security under the Uniform Commercial Code.

## Other Charges and Fees

10. NOTICE: (Iowa residents only): If I make a payment against my account with a check that is not honored by the bank on which it is drawn, NFM may charge me $20.00. NOTICE: If I fail to make my minimum monthly payment, after 10 days beyond the date due, NFM may charge me a late charge. After 10 days beyond the date due, NFM may charge me 5% of the unpaid amount, or $5.00, whichever is greater, not to exceed $15.00.

## Limitations on Warranties and Damages

11. NOTICE: NFM makes no warranties for any merchandise which extend beyond this agreement. Upholstery fabric is not warranted by NFM except to be in proper condition upon delivery. Carpet, appliances and electronics are covered only by the manufacturer's warranty, if any. Except for upholstery fabric, carpet, appliances, electronics, and merchandise sold "As Is," NFM warrants merchandise sold to be free of manufacturing defects for a period of one year from the date of delivery. NFM will at its option, repair or replace merchandise found to have such a defect. This warranty does not extend to merchandise used for other than personal, family or household use or to merchandise subjected to misuse, negligence or accident. This warranty may not be assigned. All manufacturer's warranties, if any, apply in accordance with their respective terms and conditions.

12. I agree that NFM shall not be liable for consequential damages resulting from any breach of the agreement. My remedies for breach are limited to the return of the goods and refund of the purchase price, or at NFM's option, to the repair and/or replacement of nonconforming goods or parts.

## Miscellaneous

13. This contract shall be construed under the laws of the State of Nebraska. If I live in Nebraska, I agree that any action related to this contract may be instituted and prosecuted in the courts of Omaha, Douglas County, Nebraska, and I hereby waive the right to a change of venue.

14. It is NFM's intent to comply with all state and federal laws and regulations which might cover any transaction under this agreement. Consequently, if there is a conflict between any term or condition of this agreement and applicable federal or state law or regulation, this agreement will be interpreted in such a way as to conform with the requirements of such law or regulation.

15. I understand that no interest will be paid on deposits, downpayments, or credit balances which may exist on my account from time to time.

## IMPORTANT CREDIT TERMS

| ANNUAL PERCENTAGE RATE FOR PURCHASES | 18.0% A.P.R. |
|---|---|
| GRACE PERIOD FOR REPAYMENT OF BALANCES FOR PURCHASES | To avoid a FINANCE CHARGE your New Balance must be paid in full each month on or before the payment Due Date shown on your monthly billing statement. The grace period will be no less than 25 days. |
| BALANCE CALCULATION METHOD FOR PURCHASES | FINANCE CHARGE is calculated on the average daily balance (including new transactions). |
| LATE CHARGES | If you fail to make your minimum monthly payment, after 10 days beyond the date due, NFM may charge you 5% of the unpaid amount, or $5.00, whichever is greater, not to exceed $15.00. |

### *** IMPORTANT ***

Various state and federal laws require us to draw your attention to Paragraphs 2, 5, 7, 8, 10 and 11 of this contract, to the box of Important Credit Terms above, and to the Statement of Your Billing Rights (also provided with each statement). Each affect or discuss rights which are important to you. Consider them carefully before you sign this agreement or make any purchases under this agreement.

I have read and agree to the terms of the Nebraska Furniture Mart Revolving Charge Agreement and all applicable disclosures required by Federal Law.

PRINTED NAME: _____    _____ _____
                                  Cardholder's Signature (1)    Date

PRINTED NAME: _____    _____ _____
                                  Cardholder's Signature (2)    Date

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF THE GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

INHSL1/AGR/rc 11/2708